IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION


TERRY HIDALGO                          §
    FED. I.D. #16495-179            §
                                 §
v.                                     §          C.A. NO. C-07-113
                                 §
FCI THREE RIVERS, ET AL.              §


**MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION**

In this civil action, federal prisoner Terry Hidalgo is suing the Federal

Correctional Institution in Three Rivers Texas, the Federal Prison Industries, also

known as UNICOR, and his prison counselor, D. Begines, claiming that defendants

have discriminated against him in violation of his constitutional rights by failing to

employ him in a UNICOR job and by wrongfully characterizing him as refusing to

pay his court-ordered restitution when, in reality, he is indigent and simply cannot

pay it.  (D.E. 1).

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat.

1321 (1996), any prisoner action brought under federal law must be dismissed if

the complaint is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant immune from such relief.  See

42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff's action is subject

to screening regardless whether he prepays the entire filing fee, or proceeds as a

pauper.  Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam);

Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam).  Plaintiff's *pro se*

complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520

(1972) (per curiam), and his allegations must be accepted as true, unless they are

clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 32-33

(1992).

Applying these standards, it is respectfully recommended that plaintiff's

claims be dismissed for failure to exhaust administrative remedies.  42 U.S.C.

§ 1997e.  Furthermore, it is respectfully recommended that his claims be dismissed

with prejudice for failure to state a claim and as frivolous.  28 U.S.C.

§§ 1915(e)(2)(B), 1915A(b)(1).

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action

pursuant to 28 U.S.C. § 1331.

## II.  FACTUAL BACKGROUND

Plaintiff is currently confined at FCI-Three Rivers.  He filed this lawsuit on

March 8, 2007, claiming that FCI-Three Rivers, UNICOR, and D. Begines had

discriminated against him in violation of his constitutional rights.[1]  A Spears[2]

hearing was held on April 2, 2007.  The following allegations were made in

plaintiff's original complaint, (D.E. 1), or at the hearing:

Plaintiff has been at FCI-Three Rivers since January 2006.  He owes a

federal restitution payment ("FRP") of $2,100.  (D.E. 1, at 4).  He works in the

kitchen, five days a week, from 3:30 a.m to 11:30 a.m, for which he earns $5.00 a

month.

In August 2006, plaintiff submitted a BP-9 administrative request to Warden

Driver asking that he be given extra job duties so that he could be "more

aggressive toward [his] FRP assessments."  Id. at 4, 6.  However, according to

plaintiff, he never received a response from Warden Driver.

In September, 2006, plaintiff was notified that he had been placed on "FRP

refused status" due to the fact that there was not enough monies in his inmate trust

fund account to make his $25.00 monthly restitution payment.  Id. at 5.  As a

_____

[1] Plaintiff filed this lawsuit on a form entitled "Complaint for violation of civil rights pursuant to 42 U.S.C. § 1983."  (D.E. 1 at 1).  To the extent that plaintiff alleges that defendants violated his constitutional rights, his claims are construed as arising under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  A Bivens action is analogous to an action under § 1983, but it applies to federal officials.  Evans v. Ball, 168 F.3d 856, 863, n.10 (5th Cir. 1999).

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

consequence of being placed on refused status, plaintiff was removed from

UNICOR job consideration and lost other privileges as well.

On November 6, 2006, plaintiff filed a second BP-9 administrative request

directed to the warden.  Id. at 7.  Plaintiff complained that he had not refused to

pay his restitution payments, but simply did not have the money to do so.  He

argued that he was indigent, and that he should be exempt from making his FRP.

He alleged that he was being discriminated against because newly arrived Mexican

nationals were given UNICOR jobs while he was punished for being indigent.

On December 4, 2006, plaintiff filed a BP-8 Informal Resolution directed to

a staff member.  Id. at 8.  In a response dated December 13, 2006, D. Begines,

plaintiff's prison counselor, responded:

> On 9-12-06, a review of your Trust Fund was conducted
> due to your failure to have the scheduled $25.00 payment
> available.  It was discovered that you had spent $21.00
> on the month prior to your payment.  If you had not done
> so you would have been able to make the payment.  You
> were therefore placed in FRP refuse status and removed
> from the UNICOR waiting list.  Your financial
> responsibility is your responsibility.

Id.  Plaintiff did not appeal this decision.

Plaintiff filed suit on March 8, 2007.  He would like the Court to determine

who is eligible to work for UNICOR, and he would like his FRP status determined.

## III.  DISCUSSION

**A.      Legal Standard.**

It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Id. (citation omitted).

**B.      Plaintiff Failed To Exhaust His Administrative Remedies.**

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The exhaustion requirement applies to *all* inmate suits about prison life, whether involving general circumstances or specific incidents.  Porter v. Nussle, 534 U.S. 516, 524 (2002); Clifford v. Gibbs, 298 F.3d 328, 330 (5th Cir. 2002). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process.  Booth v. Churner, 532 U.S. 731, 741 & n.6 (2001);  Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).  The exhaustion requirement is not jurisdictional.  Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (per curiam).  Dismissal without prejudice is appropriate where the exhaustion requirement has not been met.  See id. at 296.  A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court.  Woodford v. Ngo, _ U.S. _, 126 S. Ct. 2378, 2382, 2387 (2006).

The Bureau of Prisons ("BOP") provides a three-tiered administrative process by which inmates can present a complaint.  28 C.F.R. § 542.10 et. seq. First, the inmate must present the complaint informally on a Form BP-8 to a staff member at the facility where he is housed.  28 C.F.R. § 542.13(a).  If this informal procedure does not resolve the issue, the inmate then commences the three-tiered administrative remedy procedure by filing a formal written complaint on a Form BP–9 with the warden at the local level.  28 C.F.R. § 542.14.  If unsatisfied with

the warden's response, the inmate may submit an appeal on Form BP-10 within

twenty days of the response to the regional director.  28 C.F.R. § 542.15.  If

unsatisfied at the regional level, then the inmate has thirty days from the date of the

regional director's response to submit an appeal on Form BP-11 to the general

counsel.  Id.  The appeal to the General Counsel is the final administrative appeal

provided by the BOP.

At the hearing, plaintiff admitted that he did not pursue his claims to the

regional level or to the general counsel.  Specifically, he failed to file either a

BP-10 or a BP-11.  As such, plaintiff has failed to exhaust properly his

administrative remedies.  Accordingly, it is respectfully recommended that his

claims be dismissed for failure to exhaust.

**C.     Plaintiff Failed To State A Claim Regarding Any Interest In A Job.**

In addition to failing to exhaust properly his administrative remedies,

plaintiff's complaint fails to raise cognizable constitutional claims, such that this

action is dismissed properly for failing to state a claim.

The BOP created the Inmate Financial Responsibility Program ("IFRP") to

assist inmates in "meet[ing] his or her legitimate financial obligations."  28 C.F.R.

§ 545.10.  With few exceptions, the IFRP applies to all inmates in federal facilities.

Id.  The failure to comply with the IFRP often results in the loss of prison

privileges and incentives, including parole, furloughs, performance or vacation

pay, outside work details, UNICOR work privileges, special purchase entitlement,

community based programs, and loss of housing status whereby the inmate will be

quartered in the lowest status prison housing.  28 C.F.R. § 545.11(d).

In this case, plaintiff was required to pay $25.00 quarterly toward restitution.

The month prior to his payment, he had spent $21.00 such that he was unable to

pay his FRP.  Because he did not pay his fine, he was placed on refuse status and

lost certain privileges.  Specifically, he testified that after being placed on "refuse

status," he had less desirable housing and was removed for eligibility for a

UNICOR job.  Although a failure to comply with an IFRP payment plan may result

in the loss of prison privileges and incentives, such losses do not impose a

significant restraint on the prisoner's liberty so as to invoke the due process clause.

See Sandin v. Conner, 515 U.S. 472, 484 (1995) (due process protections do not

attach to every change in an inmate's confinement, but only those that pose a

significant or atypical hardship on the inmate in relation to the ordinary incidents

of prison life).

Moreover, the Supreme Court has explained that prisoner classification and

eligibility for rehabilitation programs in federal prisons are not directly subject to

due process protections.  Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).

Furthermore, prisoners have no constitutionally protected liberty or property interest *per se* in their prison job assignments.  Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); accord Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995).  In fact, even if plaintiff ***had*** a UNICOR job and lost it, he would not have a constitutional claim.  See Bulger, 65 F.3d at 50 (joining with Third and Seventh circuits to hold that a federal prisoner has no property interest in UNICOR job assignment).

Plaintiff's allegations fail to state a claim upon which relief can be granted, and it is respectfully recommended that they be dismissed.

**D.** **Plaintiff Cannot Bring His Civil Rights Claim Against UNICOR Or FCI-Three Rivers.**

Plaintiff names FCI-Three Rivers and UNICOR as defendants in this action. However, plaintiff can obtain no relief under Bivens against a federal agency. FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (unanimously holding that a Bivens action cannot be brought against a federal agency); Moore v. U.S. Dep't of Agric., 55 F.3d 991, 995 (5th Cir. 1995) (recognizing Bivens is not extended to suits against federal agencies).  Because plaintiff cannot obtain relief against FCI-Three Rivers or UNICOR in a Bivens action, his claims against these defendants lack an arguable basis in law, and are thus legally frivolous.  See Neitzke v Williams, 490

U.S. 319, 327 (1989). Therefore, it is respectfully recommended that these claims be dismissed with prejudice.

## IV.  <u>RECOMMENDATION</u>

For the foregoing reasons, it is respectfully recommended that plaintiff's claims be dismissed for failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e. Moreover, it is respectfully recommended that plaintiff's claims against all defendants be dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

Finally, it is respectfully recommended that, should the Court adopt this recommendation, that dismissal be one as described by 28 U.S.C. § 1915(g), and that a copy of this recommendation and the order of dismissal be sent to: **District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.**

Respectfully submitted this 6th day of April 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).